UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STACIE M. GORMAN ) | |
| Plaintiff, ) | No. CV-09-3109-JPH |
| ) | |
| v. ) | ORDER GRANTING PLAINTIFF'S |
| ) | MOTION FOR SUMMARY JUDGMENT |
| MICHAEL J. ASTRUE, Commissioner ) | AND REMANDING FOR FURTHER |
| of Social Security, ) | ADMINISTRATIVE PROCEEDINGS |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |
| ) | |

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on September 17, 2010 (Ct. Rec. 16, 23). Attorney Donald C. Bell represents Plaintiff; Special Assistant United States Attorney Franco L. Becia represents the Commissioner of Social Security (Commissioner). The parties have consented to proceed before a magistrate judge (Ct. Rec. 13). On September 30, 2010, plaintiff filed a reply (Ct. Rec. 26). After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment, **REVERSES and REMANDS** for further administrative proceedings (Ct. Rec. 16) and **DENIES** Defendant's Motion for Summary Judgment (Ct. Rec. 23).

### JURISDICTION

Plaintiff protectively filed applications for disability insurance benefits (DIB) and supplemental security income (SSI) on

June 15, 2007, alleging an amended onset disability date of March 23, 2007[1] (Tr. 98-102) due to depression, anxiety, agoraphobia, body aches, and hand numbness and tingling (Tr. 103, 502-504). The applications were denied initially and on reconsideration (Tr. 28-29, 32-34, 498-499). At hearings before Administrative Law Judge (ALJ) R. S. Chester in December 2008 and April 2009, plaintiff, represented by counsel, psychologist Thomas McKnight, Ph.D., medical expert David Pullman, M.D., and vocational expert (VE) Daniel McKinney testified (Tr. 531-549, 552-593). On May 28, 2009, the ALJ issued an unfavorable decision (Tr. 11-18). The Appeals Council denied Ms. Gorman's request for review on October 9, 2009 (Tr. 4-6). Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on November 16, 2009 (Ct. Rec. 1,4).

## STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the ALJ's decision, the briefs of both plaintiff and the Commissioner, and are briefly summarized here.

Plaintiff was 34 on the amended onset date and 36 at the last hearing. She has a ninth grade education. Plaintiff is one test short of earning a GED (Tr. 168, 567). Ms. Gorman has worked as a cashier, fruit packer, retail stock clerk, prep cook/fast food

---

[1]Despite the amended onset date, the ALJ's decision states the claimant has not been under a disability from September 29, 2004 through the date of the decision (Tr. 18).

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
AND REVERSING AND REMANDING
FOR FURTHER PROCEEDINGS                                    - 2 -

worker, and a customer service representative (Tr. 121, 164, 586-589). She testified she last worked on March 16 or 19, 2007 (Tr. 568-569). Plaintiff has a driver's license and drives, but not at night (Tr. 132). She lives with her fiancé and his mother (Tr. 583). In June 2007, plaintiff opined she could stand one hour. She was able to lift 10 pounds frequently and 20 pounds occasionally (Tr. 132).

### SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
AND REVERSING AND REMANDING
FOR FURTHER PROCEEDINGS                            - 3 -

denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity ("RFC") assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
AND REVERSING AND REMANDING
FOR FURTHER PROCEEDINGS                          - 4 -

a *prima facie* case of entitlement to disability benefits.
*Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

### STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
AND REVERSING AND REMANDING
FOR FURTHER PROCEEDINGS                          - 5 -

a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989)(*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ALJ'S FINDINGS**

At the outset, the ALJ found plaintiff was insured through December 31, 2012 for DIB purposes (Tr. 11, 13). At step one ALJ Chester found plaintiff engaged in substantial gainful activity "between 2004 and at least part of 2007" (Tr. 13). At steps two

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
AND REVERSING AND REMANDING
FOR FURTHER PROCEEDINGS                           - 6 -

and three, he found plaintiff suffers from diabetes, a depressive disorder, and an anxiety-related disorder, impairments that are severe but which do not alone or in combination meet or medically equal a Listed impairment (Tr. 14, 15). The ALJ found plaintiff less than completely credible (Tr. 17). At step four, he found Ms. Gorman's RFC for a wide range of medium work enables her to perform several past jobs (Tr. 17). Alternatively, he found at step five there are other jobs she can do. Accordingly, plaintiff is not disabled as defined by the Social Security Act (Tr. 17-18).

**ISSUES**

Plaintiff contends the Commissioner erred as a matter of law because he improperly weighed the medical evidence, credibility, and lay witness testimony, and committed error at steps 3 through 5 (Ct. Rec. 17 at 13). Asserting the ALJ's decision is supported by substantial evidence and free of harmful legal error, the Commissioner asks the Court to affirm (Ct. Rec. 24 at 24).

**DISCUSSION**

**A. Weighing medical evidence**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
AND REVERSING AND REMANDING
FOR FURTHER PROCEEDINGS                    - 7 -

of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991)(en banc).

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir. 1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751(9th Cir. 1989)(citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1435, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d at 751-752; *Andrews v. Shalala*, 53 F.3d 1042-43 (9th Cir. 1995).

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
AND REVERSING AND REMANDING
FOR FURTHER PROCEEDINGS                    - 8 -

The ALJ considered the February 28, 2009, opinion of examining psychologist Jay M. Toews, Ed.D. (Tr. 14; 459-474). Dr. Toews observes that December 2006 records from Chelan-Douglas County Mental Health indicate plaintiff has been in remission from substance abuse for nine months (Tr. 459). Ms. Gorman told Dr. Toews she had been clean since July 2002 (Tr. 461) and testified she became clean in July 2001 (Tr. 552, 583). The ALJ does not refer to the inconsistencies.

Plaintiff told Dr. Toews she found her last job, at Wal Mart, too stressful "due to family issues." She returned to this job after an eight month leave of absence. Ms. Gorman was fired for sleeping on the job, as a result of being over-medicated. At the time of this evaluation plaintiff had completed all tests needed to obtain her GED except math (Tr. 462, 569). She told Dr. Toews she does no meal planning or preparation because "she doesn't want to." Occasionally she does light housework and laundry. Plaintiff drives, watches television, avoids shopping, and is "irritable and argumentative" (Tr. 462).

Dr. Toews notes attention, concentration and effort were poor. Plaintiff did not appear anxious or depressed. Mood and affect were not congruent with complaints of anxiety, depression, and PTSD (Tr. 462-463). The test of memory malingering (TOMM) was of questionable validity, indicating less than optimal cooperation and "probable motivation to deliberately distort memory functioning" (Tr. 463). MMPI results were "patently invalid." Dr. Toews opined scores like plaintiff's typically indicate deliberate non-cooperation with testing. Scores on the SIMS (Structured

Inventory of Malingered Symptoms) are "suggestive of malingering psychiatric problems." Plaintiff was marginally compliant with the evaluation (Tr. 464). Dr. Toews diagnosed, in part, exaggeration of psychopatholoy, probable malingering (Tr. 465). He assessed moderate limitations with respect to complex instructions and work-related decisions, and in the ability to work with the public (Tr. 472-473).

Plaintiff's testimony is inconsistent with her statements to Dr. Toews. She testified she was not fired but quit her job and could go back if medically cleared (Tr. 571).

The ALJ found plaintiff has only one mental limitation: she is limited to superficial contact with the general public (Tr. 15). He did not limit her to simple tasks, apparently rejecting Dr. Toews' assessed moderate limitation in this area. The ALJ gives no reasons for the omission.

The ALJ is required to give specific and legitimate reasons for rejecting an examining professional's contradicted opinion. *Flaten*, 44 F.3d at 1463.

The Commissioner asserts because two of the jobs identified by the VE are unskilled, the ALJ's error in failing to limit plaintiff to simple tasks is harmless (Ct. Rec. 24 at 22-23). The Commissioner is incorrect because the ALJ rejected without comment additional assessed limitations.

With respect to Dr. McKnight's testimony the ALJ states:

> [He] noted that despite indications that she had
> difficulty leaving her home (agoraphobia), she has
> been seen by a number of different medical care
> providers, and only some on a regular basis. He
> opined that she had PTSD and had been diagnosed
> with a panic disorder but it was unclear that she

1    had agoraphobia; and a dysthymic disorder, with
     superimposed depression, and that cognitive
2    therapy would be helpful.

3  (Tr. 17).

4       More significantly, Dr. McKnight assessed moderate

5  limitations in understanding, remembering, and carrying out

6  detailed/complex instructions, in getting along with co-

7  workers/peers without distractions or exhibiting behavioral

8  extremes,[2] and in the ability to accept instructions and respond

9  appropriately to criticism from supervisors (Tr. 17, 560-561,

10 563). As noted the only mental limitation the ALJ included is

11 superficial public contact.

12      The ALJ is required to give clear and convincing reasons for

13 rejecting a treating or examining physician's uncontradicted

14 opinion, and specific, legitimate reasons supported by substantial

15 evidence for rejecting their contradicted opinions. *Lester*, 81

16 F.3d at 830; *Flaten*, 44 F.3d at 1463. This was not done with

17 respect to the opinion of Dr. Toews. And the ALJ does not indicate

18 why he rejected two of the reviewing psychologist's (Dr.

19 McKnight's) assessed limitations.

20      If plaintiff's RFC includes a moderate limitation in the

21 ability to get along with co-workers or peers, and/or in the

22 ability to accept instructions and respond appropriately to

23 criticism, the VE's testimony may yield a different result. The

24 error therefore requires reversal.

25 _____

26      [2]With respect to the "paragraph B" criteria, the ALJ notes
   Dr. McKnight opined plaintiff has moderate difficulties in
27 maintaining social functioning and moderate difficulties in
   maintaining concentration, persistence or pace (Tr. 15, 564).
28 ORDER GRANTING PLAINTIFF'S
   MOTION FOR SUMMARY JUDGMENT
   AND REVERSING AND REMANDING
   FOR FURTHER PROCEEDINGS              - 11 -

Plaintiff alleges the ALJ failed to properly weigh the opinions of other treating and examining professionals: Fishburne (Tr. 304), Parker (Tr. 373), Akers (Tr. 405), Morgan (Tr. 379), Stemm (Tr. 374), Hansen (Tr. 424, 437), and Revay (Tr. 364, 368) (Ct. Rec. 17 at 16).

Jeanette Revay, ARNP, assessed plaintiff in 2004 and 2005, years before onset in March 2007 (Tr. 364, 368). Similarly, James Parker, M.D., evaluated plaintiff in April 2005, almost two years before onset (Tr. 371). The court agrees with the Commissioner that because plaintiff engaged in SGA until some time in 2007, these opinions are not relevant.

The record contains more relevant opinions. After his July 2007 evaluation, four months post-onset, John Fishburne, Ph.D., assessed a current GAF of 52, indicative of moderate symptoms or functional difficulties. Dr. Fishburne opined plaintiff's condition is "very amenable to medication and psychological treatment," as the ALJ observes (Tr. 14, 304).

About seven months after onset, in October 2007, plaintiff's treating therapist Eric Stemm, M. Ed., opined she experienced symptoms of PTSD and agoraphobia to a significant degree. He notes severe anxiety is debilitating and prevents social interaction. Ms. Gorman is unable to leave home for long periods of time and has transportation problems. Mr. Stemm notes she is working in therapy on reducing the intensity of her anxiety (Tr. 374-375).

The ALJ refers to this opinion. He states Exhibits 2F and 3F

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
AND REVERSING AND REMANDING
FOR FURTHER PROCEEDINGS                    - 12 -

(Tr. 360-380) are "disability endorsements" that "are not supported by any evidence since she was not seeking treatment and presented only as required for state assistance" (Tr. 14). The record indicates otherwise. Mr. Stemm refers to the therapy plaintiff is engaged in, therapy designed to decrease her anxiety. Although plaintiff was erratic in attending mental health treatment, the statement plaintiff "presented only as required for state assistance" is inaccurate.

In July 2008, Janice Morgan, ARNP, noted plaintiff restarted mental health treatment in June 2008 and had not taken psychotropic medication for about a month. Not noted by the ALJ, Ms. Morgan did not expect Ms. Gorman's assessed moderate, marked, and severe impairments to last twelve months (Tr. 380, 412).

On November 12, 2008, Lauren Akers, ARNP, evaluated plaintiff (Tr. 404-407). Ms. Gorman ran out of psychiatric medication in August and last obtained mental health treatment in Wenatchee before moving to Yakima (Tr. 404). Ms. Akers assessed a GAF of 45 and restarted psychotropic medication (Tr. 406).

Plaintiff alleges the ALJ should have accepted the results of assessments indicating greater limitations, such as the one performed by therapist Mary Hansen, MA, LMHC, on June 30, 2008 (Tr. 424, 427), when she assessed a GAF of 40[3] (Ct. Rec. 17 at

---

[3]A Global Assessment of Functioning (GAF) of 40 indicates some impairment in reality testing or communication, or major impairment in several areas.

16).

While it is the ALJ's responsibility, not the Court's, to resolve conflicts in the evidence, *Richardson*, 402 U.S. at 400, the ALJ fails to state his reasons for rejecting most of the opinion evidence, including the opinions of treatment provider Marie Desire, M.D., from February 2007 (just before onset) through October 2007 (Tr. 209-261), and of therapist Mr. Stemm (*see e.g.*, Tr. 336)(counseling record).

**B. Lay witness testimony**

Plaintiff alleges the ALJ erred by failing to properly weigh the lay witness testimony of her boyfriend, Pat Killion (Ct. Rec. 17 at 17, referring to Tr. 145-158). Citing *Lewis v. Apfel*, 236 F.3d 503, 511 99th Cir. 2001), the Commissioner agrees an ALJ should give germane reasons for rejecting lay testimony but, he argues, the error here is harmless (Ct. Rec. 24 at 23).

On June 27, 2007, about three months after onset, Mr. Killion opined plaintiff has mood swings, cannot sit through a movie or finish most things, loses concentration, and has "worries and stresses every day" (Tr. 148). When depressed she does not take care of herself.

Ms. Gorman does her son's laundry and occasionally cooks. She works in her flowerbeds, and feeds the cat. She leaves the house only for medical appointments and once a month to shop for groceries. She does not often drive but talks on the phone daily (Tr. 150-155, 157). Ms. Gorman attends GED classes 1-2 days a week instead of four days a week as scheduled (Tr. 156). For five years plaintiff worked for Wal Mart; she went on leave, and then quit

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
AND REVERSING AND REMANDING
FOR FURTHER PROCEEDINGS                    - 14 -

because she was "sick all the time, [and] she just couldn't go to work anymore." Mr. Killion opined plaintiff has depression, anxiety and is physically ill "all the time." She feels afraid and out of her safety zone when away from home (Tr. 156-157).

The ALJ will address this opinion on remand.

After review the Court finds the ALJ committed error which appears harmful.

**C. Remand**

On remand, the ALJ will specify the date plaintiff stopped engaging in SGA, assess plaintiff's credibility, give reasons for accepting or rejecting the opinions of Drs. Marie Desire, Jay Toews, Thomas McKnight, and Mr. Stemm, and discuss the lay testimony. The ALJ will conduct new steps 2-5 as necessary, including determining plaintiff's RFC.

The court wishes to make clear it expresses no opinion as to what the ultimate outcome on remand will or should be. The Commissioner is free to give whatever weight to the medical and lay witness evidence he deems appropriate. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir 1982)("[Q]uestions of credibility and resolution of conflicts in the testimony are functions solely of the Secretary.")

CONCLUSION

Having reviewed the record and the ALJ's conclusions, this Court finds the ALJ's decision is not free of legal error.

**IT IS ORDERED:**

1. Plaintiff's motion for summary judgment **(Ct. Rec. 24)** is **granted.** The ALJ's decision is **REVERSED and REMANDED** for further

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
AND REVERSING AND REMANDING
FOR FURTHER PROCEEDINGS                    - 15 -

administrative proceedings pursuant to sentence four.

2. Defendant's motion for summary judgment **(Ct. Rec. 26)** is **denied.**

The District Court Executive is directed to file this Order, provide copies to counsel for plaintiff and defendant, enter judgment in favor of plaintiff, and **CLOSE** this file.

DATED this 19th day of November, 2010.


s/ James P. Hutton

JAMES P. HUTTON

UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
AND REVERSING AND REMANDING
FOR FURTHER PROCEEDINGS                    - 16 -